## REID vs. NUNNELLY.

Where the payee in a note agrees with the surety and principal debtor to accept a third person as surety in his place and discharge him, and the agreement is executed, it operates as a discharge of the original surety and may be shown by parol.

*Appeal from Columbia Circuit Court.*

Hon. LEN B. GREEN, Circuit Judge.

GALLAGHER & NEWTON, for appellant.

Release by parol even of a sealed instrument is sufficient, *a fortiori*, a parol release is good in this case which is a mere simple contract. *Dearborn vs. Cross*, 7 *Cowan*, 48 : The contract was discharged so far as appellant is concerned for a full and valuable consideration ; and the party absolutely discharged by substituting a new security who was accepted.

GARLAND & NASH, for appellee.

The defendant attempted to set up a release of the claim sued on in parol. The demand sued on is a promissory note, which, under the statute, is of equal grade with a sealed instrument, and a parol release cannot be pleaded to either. This is beyond all question. *Levy vs. Very*, 7 *Eng.*, 148. For this reason the court below did not err in sustaining the demurrer.

Mr. Justice CLENDENIN delivered the opinion of the court.

This was an action of assumpsit, brought by the plaintiff in the court below, upon a promissory note, payable to Josiah. E. Nunnelly, for $675. 00, dated 14th February, 1857, and payable on the first day of January, 1858, signed by Robt. V. Reid, John E. Buchanan, Wm. H. C. Reid, and Wm. M. Joiner, and which was assigned by the payee to the plaintiff. Robt. V. Reid, John

. E. Buchanan and Wm. M. Joiner were not sued in the action. No copy of the note appears in the transcript. On the return of the writ, Wm. H. C. Reid filed five pleas : First, *non assumpsit;* second, payment; third, set off, and fourth and fifth, special pleas, sworn to. The plaintiff demurred to the plea of set-off, and to the two special pleas. The court sustained the demurrers ; the defendant withdrew his first and second pleas and judgment was rendered in favor of the plaintiff, and the defendant brings the case by appeal to this court.

Our review of the case must necessarily turn upon the action of the circuit court in sustaining the demurrers to the defendant's pleas. The plea of set-off attempted to be set up, is clearly defective under the decision rendered by this court in the case of *Mace vs. Robinson,* 16 *Ark., page* 500, and is so conceded by the counsel of the appellant in their brief.

The fourth plea of the defendant is, " and for a further plea in this behalf, said defendant says *actio non,* because he says, some time in the month of December, and before said promissory note was due and payable, said defendant, together with said John C. Buchanan, the principal in said note, wishing to remove from the state of Georgia ( the state in which said note was given ) to the state of Louisiana or Arkansas, called upon Josiah E. Nunnelly, the then holder of said note, and stated to said Nunnelly, that he wished said defendant to move as aforesaid, and that he was indebted to said plaintiff as security on the promissory note in said declaration mentioned, he wished to be discharged from any liability on, or in regard to said promissory note in any way and form whatever; that said defendant and said John E., acting under said agreement, and in full faith that the same would be complied with on the part of the said Josiah E., then the holder of said note, and the only person who had any authority or control over said note, produced one William M. Joiner, at the time of said assignment then a man in perfect solvent circumstances, so far as this defendant and the said Josiah E. knew, to sign said promissory note in his stead, with the full knowledge and consent, and in ful-

filment of the agreement made and entered into between said Josiah E. and the said defendant: that the said James E. expressed himself perfectly satisfied with said William M. Joiner " as a security in the place of said defendant and accepted fully of him the said William M. in the place and stead of said defendant, whereby the said William M., became liable on said promissory note, and would not have signed said note under any other circumstances, and said Josiah E. stated at the time to said defendant that he was fully discharged from said note and his name canceled therefrom : that said defendant acted in full faith, and never knew but that his said name was cancelled, until a short time before the commencement of this suit, which said defendant is ready to verify, wherefore he prays judgment," etc.

The fifth plea is substantially the same as the one copied.

The demurrer to the pleas being sustained, their legal sufficiency is submitted for our consideration.

The question raised by these pleas, is, was the appellant ( the defendant in the court below) discharged from his liability on the note by the parol agreement of the payee, to receive another name on the note and to release and discharge the defendant?

The pleas aver this agreement and that on the part of the defendant it] was perfected, by offering Joiner in his place, and that Joiner was accepted, and that Joiner signed the note. If we consider the pleas as an attempt to set up a release, they would be defective, because they do not aver such release was in writing and under seal, but we do not so treat them. We look upon these special pleas as an offer on the part of the defendant to show by parol that he was discharged from all liability on the note by the agreement ( perfected) with the payee to substitute the name of Joiner, for the name of defendant on the note. We have examined at some length the authorities referred to by counsel, and also others tending to throw some light on a question comparatively new in this court, and our conclusions are, and we think sustained by the weight of authority, that the defendant can show by parol the agreement made and perfected between himself and the payee of the note.

In the case of *Logan vs. Williamson*, 3 *Ark.*, 216, it is held, that a debt may be paid or extinguished by a third person becoming responsible to the creditor with the concurrence of the debtor. A bond or other specialty may be released or discharged by a parol agreement between the parties, especially where such agreement is executed. 7 *Cowen*, 48. If the debtor gives and a creditor receives, in full satisfaction for the debt, the note of a third person for a smaller sum than the amount of the debt, it is a valid discharge. 1 *Rhode Island*, 496. A mere parol agreement is not sufficient of itself, to release an instrument under seal: but an executed parol agreement may have that effect, as it is not the agreement alone that is relied on, but the agreement coupled with the acts done under it. 6 *Indiana*, 128.

Testing the pleas in this case by these conclusions and authorities, we are of the opinion that the 4th and 5th pleas were sufficient, and that the circuit court erred in sustaining the demurrer.

The judgment of the circuit court must be reversed, with instructions to that court to overrule the demurrer to the 4th and 5th pleas.